```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON


PHILIP B. WILSON,                         Civil No. 07-117-KI

          Petitioner,                     OPINION AND ORDER

     v.

MITCH MORROW,

          Respondent.



     DANIEL J. CASEY
     Attorney at Law
     P.O. Box 82818
     Portland, OR  97282

          Attorney for Petitioner

     HARDY MYERS
     Attorney General
     JACQUELINE SADKER
     Oregon Department of Justice
     1162 Court Street NE
     Salem, OR  97301

          Attorneys for Respondent


     1 - OPINION AND ORDER -
```

KING, District Judge.

Petitioner, an inmate at Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is DENIED as untimely, and this proceeding is DISMISSED with prejudice.

## BACKGROUND

In 1993, following a jury trial, Petitioner was convicted on two counts of Murder, four counts of Assault in the Second Degree, and one count of Arson in the First Degree. (Respt.'s Ex. 101.) Petitioner was sentenced to a total of 420 months imprisonment. (Id.) Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, *State v. Wilson*, 133 Or.App. 448, 890 P.2d 1016 (1995), and the Oregon Supreme Court denied review. 321 Or. 246, 895 P.2d 786 (1995). Appellate judgment issued on July 12, 1995. (Respt.'s Ex. 102.)

Petitioner signed a petition for Post-conviction Relief (PCR) on July 7, 1997, (Respt.'s Ex. 103), but the court denied relief.[1] The Oregon Court of Appeals affirmed the PCR trial court, and the Oregon Supreme Court denied review. (Respt.'s Ex. 104.) PCR appellate judgment issued February 13, 2007. (Id.) Petitioner

---

[1] For purposes of this action, the court gives Petitioner the benefit of using the date he signed his state PCR petition as its filing date.

2 - OPINION AND ORDER -

signed his federal petition for writ of habeas corpus on January 22, 2007, and it was filed in this court on January 24, 2007. (Petition, docket #1, 5.)

Respondent contends Petitioner's habeas petition is untimely because 439 days accrued between the April 24, 1996, and July 7, 1997, when Petitioner signed his PCR petition, thus exceeding the 365-day limitation period available under the Antiterrorism and Effective Death Penalty Act (AEDPA). (Response, docket #16, 2.) Petitioner acknowledges his petition was filed 74 days after the limitation period expired, (Habeas Petr.'s Brief, docket #21, 4), but argues the statute of limitations should be equitably tolled because: 1) on direct appeal, the Oregon Court of Appeals denied his request for transcription of the trial record from videotape; 2) he was sentenced to 42 days in disciplinary segregation from April 9, 1996 through May 20, 1996, and, although he was released from segregation early, a loss of privileges for the duration of the disciplinary term prevented the use of a videocassette player (VCR) to review videotaped trial record; and 3) he was again denied VCR access when sentenced to disciplinary segregation for 49 days, from May 18, 1997 through July 5, 1997. In the alternative, Petitioner seeks an evidentiary hearing on the issue of equitable tolling.

/ / /

3 - OPINION AND ORDER -

DISCUSSION

The AEDPA was enacted on April 24, 1996. Pursuant to the Act, a one-year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). Prisoners whose convictions were final prior to April 24, 1996, have one year from the effective date of the Act, that is until April 24, 1997, to file their federal habeas petition, in the absence of tolling.

The parties agree that Petitioner filed his state PCR petition on July 7, 1997, after the AEDPA limitation period expired, and his federal habeas petition is untimely unless equitable tolling applies. The question before the court is whether equitable tolling of the limitations period is warranted.

1. Equitable Tolling

Although the Supreme Court has not yet done so, the Ninth Circuit has recognized that the AEDPA's one-year limitation is subject to equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc). That said, "the threshold

4 - OPINION AND ORDER -

necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066 (internal quotation marks and citation omitted); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006). Equitable tolling may be justified when a prisoner is prevented from filing by a state official's wrongful conduct, an inadequate prison library, denial of access to his files, or an attorney's egregious conduct. *Id.* (citing cases). Equitable tolling may also be justified when a prisoner is denied access to all his legal files during administrative segregation imposed for his protection. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1023 (9th Cir. 2005).

A habeas petitioner seeking equitable tolling must establish "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken."

5 - OPINION AND ORDER -

*Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir.2003)(quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)).  Here, Petitioner has not established that he was pursing his federal habeas rights diligently or that extraordinary circumstances prevented the timely filing of his federal habeas petition.

    To support his request that this court apply equitable tolling, Petitioner offers disciplinary hearing records documenting he was subject to 42 days segregation and loss of privilege in 1996 for Assault II after fighting with another inmate, (Petr.'s Ex. A, 1), and to 49 days segregation in 1997 for testing positive for THC, after smoking marijuana, (Petr.'s Ex. C, 1), as evidence that extraordinary circumstances beyond his control prevented him from filing his state PCR petition before the expiration of the limitation period.  He also states in his affidavit that, while in segregation in 1996, he asked to use the VCR to view the videotapes of his trial proceeding to prepare his state PCR petition, but that he was told he could not do so until he was out of segregation.  (Petr.'s Ex. D, 2.)  He contends that because he never received written transcripts of his trial proceeding and had to rely on the videotapes of his trial, not having access to the VCR to view the tapes during disciplinary segregation was, in essence, a denial of access to his legal files.

    Equitable tolling is reserved for extraordinary circumstances.  Disciplinary segregation and the suspension of privileges as a

6 - OPINION AND ORDER -

result of Petitioner's own unlawful behavior while incarcerated does not constitute extraordinary circumstances beyond Petitioner's control and, therefore, equitable tolling is not warranted. To conclude otherwise would distort the nature and purpose of equitable tolling, significantly lower the threshold for its application, and reward a prisoner's unlawful behavior.

Furthermore, Petitioner has not shown that having to rely on a videotaped record rather than written transcripts constitutes extraordinary circumstances that prevented the timely filing of his federal petition. Petitioner's motion for transcription of the videotapes was denied on September 24, 1993. (Petr.'s Ex. F, 5.) Petitioner does not allege that he was denied access to the tapes, or that he was denied access to a VCR at any time other than during the two instances of disciplinary segregation mentioned above, and he does he show that he sought to challenge the loss of access to the VCR.

Petitioner also has not shown he was diligent in pursuing his *federal habeas petition*. Petitioner discusses efforts to view trial tapes to prepare his state PCR petition while he was in segregation, but does not allege he was attempting to prepare his federal habeas petition and was prevented from doing so.

2. <u>Evidentiary Hearing</u>

Petitioner seeks an evidentiary hearing if the court believes additional facts are necessary for equitable tolling. However,

7 - OPINION AND ORDER -

Petitioner has not shown the court that a hearing is warranted.

"A habeas petitioner . . . should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true*, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)), *cert. denied Belleque v. Kephart*, 127 S. Ct. 1880 (2007). Petitioner does not allege, nor is there evidence in the record that he was diligently pursuing *federal habeas relief*, and equitable tolling for a federal habeas petition requires that the petitioner show he has been diligently pursuing his federal petition and that some extraordinary circumstances stood in his way. Because Petitioner has not made allegations that, if true, would entitle him to equitable tolling, an evidentiary hearing is not warranted.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (#1) is DENIED as untimely, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this   30th   day of May, 2008.


                                /s/ Garr M. King
                                Garr M. King
                                United States District Judge